## IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM,

vs.

RIEKO MIKHAIL SARMIENTO,
DOB: 06/10/1985

Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)

**CRIMINAL CASE NO. CF0371-19**
GPD Report Nos. 19-18325/19-18461

**DECISION & ORDER
RE. PEOPLE'S AMENDED MOTION
TO REVOKE DEFENDANT'S
PROBATION**

This matter came before the Honorable Alberto E. Tolentino on October 28, 2024, for a Revocation Hearing. Defendant Rieko Mikhail Sarmiento ("Defendant") was present with counsel Public Defender Stephen Hattori. Assistant Attorney General Aaron Boyce was present for the People of Guam ("People"). After hearing the court heard the parties' arguments on the People's Amended Motion to Revoke Defendant's Probation and Impose Jail Sentence, the court took the matter under advisement pursuant to Supreme Court of Guam Administrative Rule 06-001, CVR 7.l(e)(6)(A) and CR 1.1 of the Local Rules of the Superior Court of Guam. Having duly considered the parties' pleadings, oral arguments, and the applicable law, the court now issues this Decision and Order **GRANTING** the People's Amended Motion to Revoke the Defendant's Probation.

\\

\\

On July 8, 2019, Defendant Sarmiento was charged with the offense of POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE (As a 3rd Degree Felony). Indictment (July 8, 2019). On August 14, 2019, the People declared the Defendant legally eligible to participate in the Adult Drug Court I Program ("Adult Drug Court"). Pending the taking of his plea, the court released the Defendant on conditions on August 28, 2019.

**A. Defendant Sarmiento's Violations while on Pre-Trial Release**

While on pre-trial release, the Adult Probation Office ("Probation") filed two (2) violations against the Defendant. For the first violation, the report indicated that:

> The defendant failed to report [to] the Probation Office three (3) times a week in person. On August 28, 2019, the defendant was released and ordered to report to the Probation Office for initial intake and processing. The defendant has failed to report since his release.

1st Violation Report (Sept. 18, 2019). Probation filed a second violation against the Defendant about one month later. For the second violation, the report indicated that:

> The defendant failed to obey all laws. On September 18, 2019, the defendant appeared before Magistrate Judge, Jonathan R. Quan, for a Magistrate Hearing in reference to CF514-19: Criminal Mischief (As a Third Degree Felony) with Notice: Commission of a Felony While on Felony Release and Criminal Trespass (As a Petty Misdemeanor). He was subsequently held on $3,000.00 cash bail.

2nd Violation Report (Oct. 8, 2019). The court addressed the first and second violations on October 9, 2019. On February 28, 2020, the court held a Change of Plea hearing. Pursuant to the Defendant's Deferred Plea Agreement, the court deferred acceptance of his guilty plea for two (2) years as to the charge of POSSESSION OF A SCHEDULE II CONTROLLED SUBSTANCE (As a 3rd Degree Felony). Deferred Plea at 4 (Mar. 4, 2020). Among other conditions he agreed to abide by, the Defendant was required to: (1) pay a Five Thousand Dollar ($5,000.00) fine; (2)

perform one hundred fifty (150) hours of community service; and (3) enroll in the Adult Drug Court upon his release.

**B. Defendant Sarmiento's Violations in Adult Drug Court I**

While participating in Adult Drug Court, Probation filed four (4) violations against the Defendant. For the first violation, the report indicated that the Defendant:

> Failed to submit to a scheduled drug test. On March 9, 2020, the probationer reported to the Probation Office to submit to a drug test and was instructed to remain in the waiting room until called for testing. The probationer left the building without permission and did not return.

> Failed to attend weekly group counseling session. The probationer is required to attend a weekly group counseling session and failed to attend on March 9, 2020.

> Failed to attend a scheduled and confirmed weekly case manager meeting. The probationer had a confirmed appointment to meet with his case manager on March 10, 2020 ad failed to attend.

> Failed to report to the Probation Office for three times weekly drug testing. The probationer is required to report for drug testing every Monday, Wednesday, Friday, and as instructed. He failed to report on the following dates: March 11, 2020

1st Violation Report (Phase I) (Mar. 12, 2020). After the court addressed the Defendant's first Adult Drug Court violation, the Defendant received his next violation a few months later. For the second violation, the report indicated that the Defendant:

> 1.) Failed to refrain from ingesting/consuming illegal controlled substances. On March 13, 2020, the probationer's urinalysis test yielded presumptive positive results for methamphetamine, amphetamine and THC. He denied use of any illegal substances and his sample was collected and sent off-island for laboratory testing. On June 18, 2020 the Probation Office received results confirming positive for the following: amphetamine, methamphetamine and Delta-9-Tetrahydrocannabinol-Carboxylic Acid (THC).

> This mark's the probationer's 1st positive, 1st challenged drug test in Phase I of the ADC I Program.

> 2.) Failed to report to the Probation Office three (3) times weekly via phone call. Due to the COVID-19 crisis, the probationer was ordered to contact the

Probation Office via phone every Monday, Wednesday, Friday, and as instructed. He failed to call on the following dates: June 15, 17, 19 and 22, 2020.

2nd Violation Report (Phase I) (June 23, 2020). For the third violation, the report indicated that the Defendant:

> Failed to report to the Probation Office for three times weekly via phone call. the probationer is required to report to the Probation Office via phone call every Monday, Wednesday, Friday, and as instructed. He failed to report on the following dates: July 2, 6, 8, 10, 13, 15, 17, 20, and 22, 2020.
>
> Failed to attend a weekly group counseling session. The probationer is required to attend a weekly group counseling session and failed to attend on June 23 and 30, 2020 and on July 7, 14, and 20, 2020.

3rd Violation Report (Phase I) (July 23, 2020). The court then issued its first bench warrant against the Defendant on July 24, 2020. While the warrant was outstanding, Probation filed a fourth violation report indicating that the Defendant:

> Failed to obey all laws of Guam. On October 29, 2020, the probationer appeared before the Magistrate Judge and was charged with the following:
>
> 1. Theft of a Motor Vehicle (As a 2nd degree felony)
> 2. Possession of a Schedule II Controlled Substance (As a 3rd degree felony)
> 3. Family Violence (As a Misdemeanor)
>
> Failed to report to the Probation Office for three times weekly via phone call. the probationer is required to report to the Probation Office via phone call every Monday, Wednesday, Friday, and as instructed. He failed to report on the following dates: July 24, 27, 29, 31, the entire months of August and September, and October 2, 5, 7, 9, 12, 14, 16, 19, 21, 23, and 26, 2020.
>
> Failed to attend a weekly group counseling session. The probationer is required to attend a weekly group counseling session and failed to attend on July 27, the entire months of August and September and October 5, 12, 19, and 26, 2020

4th Violation Report (Phase I) (Nov. 6, 2020). As a result of the Defendant's new case, the warrant in this case was returned on November 9, 2020, which led to the Defendant's commitment to the Department of Corrections ("DOC") that same day. Due to the Defendant's noncompliance in Adult Drug Court, the parties stipulated to his transfer out of the program., which the court

accepted. Further Proceedings Mins. at 9:37:46–38:08AM (Dec. 9, 2020). The court then released him, modifying his check-in requirements to three (3) times a week by phone, in addition to imposing other release conditions. Order (Dec. 9, 2020). While the court held off on accepting the Defendant's guilty plea, the Defendant could no longer avail himself to an expungement of his case. Stipulated Order (Jan. 9, 2025).

## C. Defendant Sarmiento's Violations under Traditional Probation

After being terminated from Adult Drug Court, the Defendant accumulated eight (8) more violations for violating conditions of his probation. For the first violation, the report indicated that the Defendant:

> Failed to report to the Probation Office three (3) times weekly via phone call. The probationer is required to call every Monday, Wednesday, Friday and as instructed. He was terminated from the Adult Drug Court I Program on December 9, 2020 and released from the Department of Corrections that same day and has not made contact with the Probation Office. It is noteworthy to mention that attempts to contact the defendant have been unsuccessful.

1st Violation Report (June 2, 2021). For the second violation, the report indicated that the Defendant:

> Failed to obey all laws of Guam. On July 29, 2021, the Probationer appeared before Magistrate Judge, Benjamin C. Sison Jr, for a Magistrate Hearing in reference to CM0278-21 Family Violence (As a Misdemeanor)/Unauthorized Use of a Vehicle (As a Misdemeanor) and was held on a $1,000.00 cash bail. On August 12, 2021, he appeared before the Honorable Jonathan R. Quan, Magistrate Judge, for an Arraignment Hearing and was released that same day in CM0278-21 with conditions due to posting bail in the amount of $1,000.00 cash. No further hearings have been set at this time.

2nd Violation Report (Aug. 18, 2021). For the third violation, the report indicated that the Defendant:

> Failed to refrain from ingesting/consuming illegal controlled substances. The probationer submitted to a drug test on January 26, 2022, with the probation office and tested presumptive positive for methamphetamines/THC. He admitted to ingesting an illegal controlled substance namely "marijuana and

methamphetamine" on January 25, 2022 via declaration. This is his first positive test since being placed on probation.

3rd Violation Report (Jan. 26, 2022). For the fourth violation, the report indicated that the Defendant:

1.) Failed to complete Court ordered fines and fees. The probationer's fine balance remains at $5,160.00. to date, no payments have been made.
2.) Failed to perform and complete community service hours. To date, the probationer's balance remains at 150 hours.
3.) Failed to enroll and attend a drug rehabilitation program. Since his termination from the Adult Drug Court I Program, the probationer was never assessed for treatment with Guam Behavioral Health and Wellness Center.

4th Violation Report (Jan. 27, 2022). Based on the Defendant's first four violations after being transferred out of Adult Drug Court, the court issued another warrant for the Defendant's arrest on April 19, 2022. After the warrant was returned three months later, the court vacated the warrant but committed the Defendant to DOC. The court held a continued Revocation Hearing on December 19, 2022. Although the People agreed with Probation's recommendation to revoke Defendant Sarmiento's probation, the court accepted his guilty plea and released him from confinement instead. Rev. Hr'g Mins. at 2:11:41–20:19PM (Dec. 19, 2022). Because the court accepted his guilty plea in this case, this extended the Defendant's probation for three (3) additional years, allowing him more time to complete his probationary terms and conditions.

Order After Hearing (Feb. 1, 2023). Three months after his release, Probation reported a fifth violation while he was being held on new charges in CF0116-23. For the fifth violation, the report indicated that the Defendant:

1. Failed to obey all laws of Guam. On February 27, 2023, an Indictment was filed against the Defendant, for the charges of Family Violence (As a Third Degree Felony) 2 counts, Family Violence (As a Misdemeanor) 2 counts, and Violation of a Court Order (As a Misdemeanor) 2 counts, in CF0116-23.

5th Violation Report (Mar. 8, 2023). Despite being released from DOC on August 11, 2023, Probation filed a sixth violation on September 15, 2023 reporting the Defendant's:

1. Failure to attend treatment with Guam Behavioral Health and Wellness center.
2. Failure to make monthly payments to fine, and UA confirmation fees totaling $5,020.00. Last payment made September 7, 2022.
3. Failure to perform 1150 hours of community service. To date, no hours have been performed or submitted.
4. Failure to report to the Probation Office, three times a week. He last reported on December 20, 2022.

   ***it is noteworthy to mention the Defendant was held at the Department of Corrections on February 17, 2023 and released August 11, 2023 in CF0116-23, which is dismissed without prejudice.

6th Violation Report (Sept. 15, 2023). Due to his failure to appear for a Progress Hearing on September 19, 2023, the court issued another bench warrant for the Defendant's arrest. The court addressed the Defendant's sixth violation at a Return of Warrant hearing where it also set this case for a Revocation Hearing on December 14, 2023. Return of Warrant Hr'g Mins. at 2:22:53–25:51PM (Nov. 22, 2023).

The People filed its Motion to Revoke Probation and Impose Sentence on November 28, 2023. The Defendant subsequently submitted his Opposition to this motion on December 9, 2023. The Defendant's Revocation Hearing was rescheduled to February 19, 2024, where the court entertained arguments and Probation's recommendation on the revocation. However, the court held the People's Motion to Revoke Probation and Impose Sentence in abeyance; and released the Defendant from confinement at DOC. Rev. Hr'g Mins. at 2:22:36–23:34PM (Feb. 19, 2024).

One month after the court released the Defendant, Probation filed a seventh violation, reporting the Defendant's:

1. Failure to report to the Probation Office after being released from the Department of Corrections on February 19, 2024, by Judge Alberto E. Tolentino.

7th Violation Report (Mar. 5, 2024). For the eighth violation filed five months later, Probation reported the Defendant's:

1. Failure to attend treatment with Guam Behavioral Health and Wellness Center.
2. Failure to make monthly payments to fine and court cost balance of $4,925.00.
3. Failure to perform 150 hours of community service.

8th Violation Report (August 5, 2024). The court issued another bench warrant for the Defendant's arrest after he failed to appear at his Progress Hearing held on August 7, 2024. On September 23, 2024, the court held a Return of Warrant hearing where it addressed the Defendant's eighth violation and scheduled another Revocation Hearing. Return of Warrant Hr'g Mins. at 2:34:21–47:15PM (Sept. 23, 2024). Prior to the Revocation Hearing, the People filed an Amended Motion to Revoke Defendant's Probation and Impose Jail Sentence ("Amended Motion") on October 7, 2024. In response, the Defendant filed his Amended Opposition to the People's Amended Motion ("Amended Opposition") on October 21, 2024.

On October 28, 2024, the court held the Defendant's Revocation Hearing to address the People's Amended Motion and the Defendant's Amended Opposition. The court then took the matter under advisement. After making its amendments, the court also accepted the parties' stipulation to allow the Defendant to attend viewing and funeral services for a deceased relative. Stip. & Order (Dec. 13, 2024).

## DISCUSSION

If the court finds that the Defendant has "inexcusably failed to comply with a substantial requirement imposed as a condition of the order," it may revoke probation and sentence or resentence the offender. 9 GCA § 80.66(a)(2). If a court chooses to revoke probation, the court may sentence the defendant to any sentence that may it have originally imposed. 9 GCA § 80.66(b). However, it shall not revoke probation for violation of a condition unless the court

determines that revocation "will best satisfy the ends of justice and the best interests of the public" under all circumstances. 9 GCA § 80.66(a)(2).

The Supreme Court of Guam held that "probation is a favor granted by the state, not a right to which a criminal defendant is entitled." *People v. Camacho*, 2009 Guam 6 ¶ 26 (quoting *Parker v. State*, 676 N.E.2d 1083, 1085 (Ind. Ct. App. 1997)). To revoke a Defendant's probation, the court must make two determinations. First, the court must "make a factual determination that a violation of a condition of probation has actually occurred." *Camacho*, 2009 Guam 6 ¶ 27 (quoting *Parker*, 676 N.E.2d 1083 at 1085). If the violation is proven, then the court must "determine if the violation warrants revocation of probation." *Id.*

**A. Defendant Sarmiento violated the conditions of his probation.**

The standard for determining whether a probationer violated a condition of probation is that "the evidence and the facts be such as reasonably necessary to satisfy the judge that the probationer's conduct has not been as required by the conditions of probation." *Camacho*, 2009 Guam 6 ¶ 30 (quoting *People v. Angoco*, 1998 Guam 10 ¶ 7). When facing revocation, "the defendant bears the burden of showing an excuse for failure to comply with the condition." *Id.* (quoting *State v. Peters*, 609 A.2d 40, 43 (N.J. 1992)).

In this case, the Defendant accumulated fourteen (14) violations of probation. The court can make a factual determination that all these violations actually occurred based on the Defendant's declarations to the violations, the Defendant's positive test results, an off-island laboratory test result, and his oral admissions to the during his revocation hearings. Having considered the violation reports, the testimony at the Revocation Hearing, and the parties' arguments, the court finds that Defendant Sarmiento has violated multiple conditions of his probation on several occasions.

## B. Defendant Sarmiento's violations warrant revocation of probation.

With regard to probation revocation, the Supreme Court of the United States has noted that "the State clearly has an interest in punishment and deterrence, but this interest can often be served fully by alternative means . . . [T]he state is not powerless to enforce judgments against those financially unable to pay a fine. For example, the sentencing court could extend the time for making payments, or reduce the fine, or direct that the probationer perform some form of labor or public service in lieu of the fine." *Bearden v. Georgia*, 461 U.S. 660, 671–72 (internal citations and quotations omitted).

As mentioned earlier, the court may revoke probation if it finds that the probationer has "inexcusably failed to comply with a substantial requirement imposed as a condition of the order." 9 GCA § 80.66(a)(2). In other words, a probationer's violation of probation warrants revocation when the violation upsets the intent of the probation conditions. In *Camacho*, the Supreme Court of Guam held that the probationer's failure to report for drug testing was serious enough to warrant revocation when considering the condition being violated was treatment. *Camacho*, 2009 Guam 6 ¶ 32. Despite not paying the fine as required under probation, the Supreme Court of Guam reasoned that failure to pay a fine alone was not as serious as not reporting for drug tests, because the defendant was convicted of drug-related offenses and had drug testing listed as a probation of condition to ensure the defendant remained sober. *Id.* Similar to the probationer in *Camacho*, the only conditions pending completion were the Defendant's fine and fees, community service, and treatment.

During the most recent Revocation Hearing, the Defendant requested one more chance to complete his probation, which he believed he can do if the court released him to his father. Rev. Hr'g Mins. at 2:15:32–16:10PM (Oct. 28, 2024). In contrast, the People reminded the court that

they were present for a third revocation hearing in this case. *Id*. at 2:11:17–12:06PM. Ultimately, the People do not believe that extending Defendant Sarmiento another opportunity will result in his compliance with probation. *Id*. at 2:12:07–12:16PM. The substantial requirement imposed as a condition in this case is the Defendant's completion of treatment. The purpose of a condition for treatment is sustained sobriety; however, sobriety becomes unattainable without the right support. The court had given the Defendant multiple opportunities before considering revocation, including enrollment in the Adult Drug Court Program.

When defendants agree to be monitored under the Adult Drug Court, they agree to comply with stricter release conditions unlike those under traditional probationary supervision. For instance, all Adult Drug Court participants must check in with Probation three (3) times a week in person; submit to random drug and alcohol testing; and attend any recommended counseling or treatment programs. However, if they successfully complete all their conditions, then they reap the benefit of a dismissal and expungement of their case. Even when the Defendant picked up another criminal case before beginning his participation in Adult Drug Court, the court still deferred acceptance of his guilty plea and permitted him to enroll in the program. Rather than engage in treatment and participate in all that Adult Drug Court has to offer, the Defendant continued to test positive, failed to check in as required, and disobeyed the laws of Guam.

When Adult Drug Court did not work out, the court agreed to switch the Defendant to traditional probationary supervision, which required less stringent check-in requirements from the Defendant compared to Adult Drug Court. Rather than use this as an opportunity to seek treatment for his addiction, the Defendant had more warrants issued for his arrest, tested positive for methamphetamine, and was charged for two more criminal cases. While the court is aware of the

difficulties in dealing with addiction, the Defendant cannot expect to overcome his addiction if he will not put in the effort to attend and complete treatment programs provided to him.

Unless the court determines that revocation "will best satisfy the ends of justice and the best interests of the public" under all circumstances, the court shall not revoke probation for violation of a condition. 9 GCA § 80.66(a)(2). Here, the Defendant was up for revocation more than once in this case. And before the most recent Revocation Hearing, the court held off on revocation two separate times to give the Defendant another chance to complete his probation for this 2019 case. While the Defendant believes that he can complete the conditions of his probation if released to his father on Electronic Monitoring, the court agrees with the People that he was given multiple opportunities to comply with probation yet disregarded the court's orders. Rev. Hr'g Mins. at 2:11:17–12:06PM. The court worries that releasing the Defendant, without Electronic Monitoring or any third-party custodian, may lead to an escalation of crimes against the community; considering that he received violations in this case for committing new crimes that are violent in nature.

In Guam, the Department of Corrections provides a Residential Substance Abuse Treatment ("RSAT") program for its inmates who are battling addiction. Rather than leave the Defendant to seek treatment on his own, the court believes that it is in the best interests of the public and will best satisfy the ends of justice to allow DOC to supervise and assist the Defendant on his path to recovery through the RSAT program.

Because the Defendant has inexcusably failed to comply with treatment as a substantial condition of his probation, the court finds that revocation of the Defendant's probation will best satisfy the ends of justice and the best interests of the public. Therefore, the court grants the People's Amended Motion to revoke the Defendant's probation.

## CONCLUSION

For the reasons stated above, the Court hereby **REVOKES** the Defendant's probation in the above-captioned matter. The Defendant is hereby **SENTENCED** to serve **THREE (3) years** of incarceration at the Department of Corrections, Mangilao, and shall receive credit for time already served in this matter. The Court shall issue a Judgment concurrent with this Decision and Order revoking the Defendant's probation, and imposing the remainder of the Defendant's three-year sentence.

No further proceeding is scheduled before this court.

**SO ORDERED** this **JAN 1 4 2025** _____.



<u>**HONORABLE ALBERTO E. TOLENTINO**</u>
Judge, Superior Court of Guam

**SERVICE VIA EMAIL**
I acknowledge that an electronic
copy of the original was e-mailed to:

_AG, PDSC_

Date: 1/14/25 Time: 4:09pm
Antonio A Cruz
Deputy Clerk, Superior Court of Guam